JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4022 Direct
(212) 972-3213 Fax
Jennifer.Courtian@JacksonLewis.com

September 15, 2026

**VIA ECF**
Judge Joan M. Azrack
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Re: Lee v. Northwell Health, Inc. et al.**
**Case No. 26-cv-3244-SIL**

Dear Judge Azrack:

We represent Defendants Northwell Health, Inc. ("Northwell"), Feinstein Institutes for Medical Research ("Feinstein"), and Elmezzi Graduate School of Molecular Medicine ("Elmezzi") (collectively, "Defendants") in the above-referenced matter. We write pursuant to Rule IV B. of Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference or permission to file a motion to dismiss the Amended Complaint filed by Plaintiff Annette Lee ("Plaintiff") pursuant to FRCP 12(b)(6). Plaintiff asserts claims for discrimination based on sex and national origin under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law (the "NYSHRL"); race discrimination under Title VII, 42 U.S.C. § 1981 ("Section 1981"), and the NYSHRL; age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and the NYSHRL; race-based hostile work environment ("HWE") under Section 1981; and retaliation under Title VII and the NYSHRL. As set forth below, the Amended Complaint fails to state a claim upon which relief can be granted.

## I. Factual Statement[1]

Plaintiff is a 64-year-old Chinese American woman who was employed as Associate Professor, Vice President, and Dean of Elmezzi, and Director of the Molecular Biology core facility at Feinstein. (AC ¶¶ 3-4, 16.)[2] On September 23 and 24, 2024, Plaintiff sent text messages to Peter Hotez ("Hotez")—a friend of Plaintiff's who worked for Baylor College of Medicine in Houston, Texas and was not employed by Defendants—in which she threatened to engage in gun violence against coworkers and said she was "serious." (Id. ¶¶ 70-72.) On September 24, 2024, Hotez reported Plaintiff's text messages to Northwell. (Id. ¶ 86-88.) That same day, Northwell met with Plaintiff and questioned her about her comments, had her examined by a clinical psychologist, and placed her on administrative leave. (Id. 74-98.) Plaintiff also agreed to, and did, surrender her AR-15 and a second rifle to Northwell security. (Id. ¶¶ 93, 100, 102.)

[1] The facts herein are taken directly from Plaintiff's Amended Complaint and are accepted as true for the purpose of this contemplated motion only.

[2] Citations to the Amended Complaint shall appear as "AC ¶__". (Dkt. No. 5.)

Three days later, on Friday, September 27, 2024, Northwell emailed Plaintiff that it had "completed [its] review of the events of this past week," that a virtual Teams meeting would be scheduled with Plaintiff for the morning of Monday, September 30, 2024 and that she should not come into work that day. (Id. ¶ 105.) On September 30, 2024, at 7:14 a.m., Plaintiff complained to Northwell for the first time that Hotez had made sexual advances toward her. (Id. ¶ 106.) A few hours later, during the virtual meeting, Northwell informed Plaintiff that Northwell was terminating her employment, effective immediately. (Id. ¶¶ 108, 111.)

## II. The Amended Complaint Fails To State a Claim For Discrimination Based on Sex, Race, National Origin, or Age.

To state a claim for discrimination based on sex, race, or national origin under Title VII (or race under Section 1981), a plaintiff must plausibly allege: (i) her employer took an adverse action against her; and (ii) sex, race, or national origin was a motivating factor in the employment decision. See Calixte v. Acacia Network, No. 19-CV-2039 (MMH), 2023 U.S. Dist. LEXIS 57526, at *12 (E.D.N.Y. Mar. 31, 2023); Khwaja v. Jobs to Move Am., No. 1:19-cv-07070 (GBD) (SDA), 2019 U.S. Dist. LEXIS 197982, at *15 (S.D.N.Y. Nov. 13, 2019). Under the ADEA, "a plaintiff must allege that age was 'the but-for cause' of the employer's adverse action." Calixte, 2023 U.S. Dist. LEXIS 57526, at *13. Under the NYSHRL, a plaintiff must allege that she was treated less well than others outside her protected category because of a discriminatory intent. Alsariaa v. Ascend Charter Schs., No. 24-CV-7265 (AT) (HJR), 2025 U.S. Dist. LEXIS 204227, at *19 (S.D.N.Y. Oct. 9, 2025).

Plaintiff's claims should be dismissed because the Amended Complaint is devoid of any allegation that a protected characteristic played a role in the termination decision. Plaintiff does not allege that any decisionmaker criticized her performance in ethnically degrading terms, made discriminatory comments about her protected characteristics, or treated similarly situated employees outside her protected categories more favorably. See Sullivan v. Creedmoor Psychiatric Ctr., No. 22-CV-3420 (RPK) (LB), 2023 U.S. Dist. LEXIS 176478, at *12–13 (E.D.N.Y. Sep. 30, 2023). The sole comparator allegation in the Amended Complaint—that a white male named Daniel Grande was not discharged (AC ¶¶ 127-129)—lacks any details including whether Grande engaged in conduct comparable to Plaintiff's. See Budhan v. Brightworks Sustainability LLC, No. 24 Civ. 5104, 2025 U.S. Dist. LEXIS 56557, at *11-13 (S.D.N.Y. Mar. 26, 2025). That the alleged decisionmakers regarding Plaintiff's discharge were white while Plaintiff is Asian is insufficient to raise an inference of discrimination. Shands v. Lakeland Cent. Sch. Dist., No. 15-CV-4260 (KMK), 2018 U.S. Dist. LEXIS 112006, at *56 (S.D.N.Y. July 5, 2018). Moreover, Plaintiff's own allegations detail the legitimate, non-discriminatory reason for her discharge, namely, Plaintiff's alarming text messages in which she referenced potentially bringing a rifle to work due to frustrations with co-workers.

## III. The Amended Complaint Fails To State a Claim for HWE Based on Race Pursuant To 42 U.S.C. § 1981.

To state a race-based HWE claim under Section 1981, "a plaintiff must plead facts that tend to show the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment

that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [race]." Boyar v. Yellen, No. 21-507, 2022 U.S. App. LEXIS 1005, at *6 (2d Cir. Jan. 13, 2022) (citations omitted); Perelman v. Fed. Rsrv. Dist. Bank of N.Y., No. 1:25-cv-02125 (JLR), 2026 U.S. Dist. LEXIS 123004, at *18 n.5 (S.D.N.Y. June 3, 2026). A plaintiff must also show a basis to impute the objectionable conduct to the employer. Harris v. City of New York Dep't of Health & Mental Hygiene, No. 24-CV-4348 (PKC) (SDE), 2026 U.S. Dist. LEXIS 52583, at *40 (E.D.N.Y. Mar. 13, 2026).

Plaintiff alleges that white coworkers made "critical" comments about Plaintiff's laboratory refrigerators and freezers during a two-week period immediately prior to her discharge. (AC ¶¶ 59-63.) These comments are not objectively severe or pervasive, had nothing to do with race, and cannot be imputed to Defendants since Plaintiff never reported such comments. Plaintiff also alleges that, following her discharge, a "collaborator" in her laboratory made threatening comments to her regarding a grant she received from the Department of Defense. (Id. ¶¶ 131-133.) These comments also are not objectively severe or pervasive, had nothing to do with race and, in any event, post-termination comments cannot form the basis of a HWE claim. Mauro v. New York City Dep't of Educ., 2020 U.S. Dist. LEXIS 76379, at *18 (S.D.N.Y. Apr. 29, 2020). Plaintiff's allegations about Hotez's romantic advances are likewise insufficient to state a claim because his conduct was not race-based, and there is no basis to impute liability to Defendants for his behavior: Hotez was a non-employee over whom Defendants exercised no control. Moreover, Plaintiff did not report his conduct to Defendants until after the decision to discharge Plaintiff had been made. See Caro v. LJB Facilities Mgmt., LLC, No. 23-CV-3513 (JHR) (KHP), 2024 U.S. Dist. LEXIS 202462, at *12 (S.D.N.Y. Nov. 4, 2024); 29 C.F.R. 1604.11(e).

## IV. **The Amended Complaint Fails to State a Claim for Retaliation Under Title VII and the NYSHRL.**

To state a claim for retaliation under Title VII, a plaintiff must plausibly allege: "(1) she participated in an activity protected by Title VII, (2) her participation was known to her employer, (3) her employer thereafter subjected her to a materially adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action." Orantes v. D & J Exp. Inc., No. 24-cv-08423-LDH-RML, 2026 U.S. Dist. LEXIS 70556, at *20 (E.D.N.Y. Mar. 31, 2026) (citations omitted). Under the NYSHRL, a plaintiff must demonstrate that she opposed her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action. Ronen v. RedRoute, Inc., 763 F. Supp. 3d 319, 333 (E.D.N.Y. 2025).

Plaintiff's retaliation claims fail because she did not engage in protected activity, and there is no causal connection between her complaint about Hotez and the termination decision. Plaintiff did not engage in protected activity because, by her own allegations, Hotez was not Defendants' employee, and Defendants had no knowledge of his conduct before she raised it on September 30th, right before she was notified of her discharge. Further, there can be no causal connection because Northwell completed its investigation into Plaintiff's conduct and made the discharge decision ***before*** Plaintiff made her complaint about Hotez. Finally, the Amended Complaint itself provides the legitimate, non-retaliatory basis for the termination decision—Plaintiff's alarming and serious text messages threatening gun violence against co-workers.

Respectfully submitted,

JACKSON LEWIS P.C.

By: ______________________________
Jennifer B. Courtian
Alexander Deutsch

cc: All Counsel of Record (via ECF)